UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS MCDANIEL,

Plaintiff,

v.

MARGARET GILBERT, et. al.,

Defendants.

CASE NO. C16-5458 RBL-JRC

ORDER TO SHOW CAUSE OR AMEND

Before the Court for review is Plaintiff Dennis McDaniel's proposed civil rights complaint. Dkt. 1-1. The Court has determined that it will not direct service of Mr. McDaniel's complaint at this time because it is deficient. However, he will be given an opportunity to file an amended complaint.

**BACKGROUND**

Mr. McDaniel, a prisoner at Stafford Creek, purports to sue Superintendents Gilbert and Glebe, CPI Wright, CPM Jones, CPM Bohon, Visiting Room Sergeant, Visit Coordinator Myers, CSIII Kerri McTursney and Kerns. Dkt. 1-1. He alleges that his constitutional rights to visit with his minor children, unsupervised, and to participate in raising them, have been violated. Mr.

McDaniel seeks a declaratory judgment and injunction. *Id*. He also seeks damages for loss of consortium. *Id*. Although Mr. McDaniels does not provide a date of the alleged violations, he has attached a memo referencing a kite dated January of 2015.

**DISCUSSION**

The Court declines to serve the complaint because it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1).

Mr. McDaniel's complaint is brought under § 1983. To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under the color of state law; and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid § 1983 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A. Identity of Defendants**

Mr. McDaniel alleges one of the defendants, the "Visiting Room Sergeant," violated his constitutional rights. However, he does not identify this person with a name. Service requires a person's identity to be disclosed.

**B. Personal Participation**

Mr. McDaniel names Superintendents Glebe and Gilbert as defendants but alleges no facts as to these individuals nor does he provide dates as to when the alleged violations occurred. Nor does Mr. McDaniel allege how CPI Wright, CPM Jones, CPM Bohon, Visit Coordinator

Myers, CSIII Kerri McTursney and Kerns participated in any alleged violation of Mr. McDaniel's constitutional rights or how their participation caused Mr. McDaniel injury.

In order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. The plaintiff must set forth specific facts alleging a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of respondeat superior or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

Absent some explanation regarding how each of these defendants personally participated in the alleged constitutional violation, plaintiff's complaint is deficient and will not be served.

**C. Failure to State a Claim**

Plaintiff alleges defendant violated his due process rights by prohibiting him from having unsupervised visitation with his minor children and participating in "raising his children." Dkt. 1-1. Plaintiff also alleges he is injured due to loss of consortium. *Id*. Plaintiff's allegations essentially present a Fourteenth Amendment claim. The due process guarantees of the Fourteenth Amendment "apply only when a constitutionally protected liberty or property interest is at

stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993). In *Sandin v. Connor*, 515 U.S. 472 (2003), the Supreme Court made it clear the "focus of the liberty interest inquiry is whether the challenged condition imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). "A refusal to permit an inmate family visits does not impose an atypical and significant hardship; rather, an inmate's inability to visit with whom he wishes is an 'ordinary incident of prison life.'" *Macedon v. California Dep't of Corrections*, 67 Fed. Appx. 407, 408 (9th Cir. 2003) (*quoting Sandin*, 515 U.S. at 485). As plaintiff does not have a liberty interest in visitation, the alleged unsupervised visitation with his minor children does not violate his constitutional rights. Accordingly, as alleged, plaintiff's complaint does not state a violation of plaintiff's due process rights. Plaintiff must show cause why this claim should not be dismissed as frivolous.

Due to the deficiencies described above, the Court will not serve the complaint. Mr. McDaniel may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, on or before **August 29, 2016**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three

or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the Pro Se Information Sheet.

Dated this 27th day of July, 2016.

J. Richard Creatura
United States Magistrate Judge