UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS MCDANIEL,

           Plaintiff,

   v.

MARGARET GILBERT, PATRICK R. GLEBE, et al.,

           Defendants.

CASE NO. 3:16-cv-5458-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 30, 2016

     The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4. This matter is before the Court on the Court's Order to Show Cause or Amend by August 29, 2016. Plaintiff has not filed a response to this Court's Order.

     Because plaintiff has failed to respond to the Court's Order to Show Cause, and has failed to cure deficiencies in his proposed complaint, the Court recommends that this matter be dismissed.

REPORT AND RECOMMENDATION - 1

**FACTUAL HISTORY**

Mr. McDaniel, a prisoner at Stafford Creek, purports to sue Superintendents Gilbert and Glebe, CPI Wright, CPM Jones, CPM Bohon, Visiting Room Sergeant, Visit Coordinator Myers, CSIII Kerri McTursney and Kerns. Dkt. 1-1.  He alleged in his proposed complaint that his constitutional rights to visit with his minor children, unsupervised, and to participate in raising them, have been violated. Mr. McDaniel sought in his proposed complaint a declaratory judgment and injunction. *Id*. He also sought damages for loss of consortium. *Id*. Although Mr. McDaniels did not provide a date of the alleged violations, he attached a memo referencing a kite dated January of 2015.

**DISCUSSION**

On July 27, 2016, this Court issued an Order to Show Cause regarding plaintiff's proposed complaint. Dkt. 7. The Court declined to serve the proposed complaint because "it contains fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted." *Id.* (citing 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1)).

Among the deficiencies noted in this Court's Order to Show Cause include deficiencies with respect to the identity of defendants (failure to identify the "Visiting Room Sergeant"); failure to allege personal participation on the part of defendants; and failure to state a claim. *Id.* at pp. 2-4. Regarding the failure to state a claim, the Court noted as follows:

> Plaintiff alleges defendant violated his due process rights by prohibiting him from having unsupervised visitation with his minor children and participating in "raising his children." Dkt. 1-1. Plaintiff also alleges he is injured due to loss of consortium. *Id*. Plaintiff's allegations essentially present a Fourteenth Amendment claim. The due process guarantees of the Fourteenth Amendment "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993). In *Sandin v. Connor*, 515 U.S. 472 (2003), the Supreme Court made it clear the

> "focus of the liberty interest inquiry is whether the challenged condition imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). "A refusal to permit an inmate family visits does not impose an atypical and significant hardship; rather, an inmate's inability to visit with whom he wishes is an 'ordinary incident of prison life.'" *Macedon v. California Dep't of Corrections*, 67 Fed. Appx. 407, 408 (9th Cir. 2003) (quoting *Sandin*, 515 U.S. at 485). As plaintiff does not have a liberty interest in visitation, the alleged [lack of] unsupervised visitation with his minor children does not violate his constitutional rights. Accordingly, as alleged, plaintiff's complaint does not state a violation of plaintiff's due process rights. Plaintiff must show cause why this claim should not be dismissed as frivolous.

*Id.* at pp. 3-4.

The Court ordered that plaintiff "show cause why his complaint should not be dismissed or [] file an amended complaint to cure, if possible, the deficiencies noted herein, on or before **August 29, 2016**." *Id.* at p. 4. The Court noted that if "the amended complaint is not timely filed or fails to adequately address the issues raised herein, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g)." *Id*. Plaintiff was informed that "[p]ursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." *Id*. at pp. 4-5 (quoting 28 U.S.C. § 1915(g)). However, plaintiff failed to file any response.

## CONCLUSION

Because plaintiff failed to respond to this Court's Order to Show Cause, and has failed to cure the noted deficiencies in his proposed complaint, the Court recommends that this matter be dismissed.

1  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
4  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
6  September 30, 2016, as noted in the caption.

8  Dated this 8th day of September, 2016.

_____
J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4